UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRUSTEES OF PLUMBERS LOCAL 98 DEFINED
BENEFIT PENSION FUND, PLUMBERS LOCAL
98 DEFINED CONTRIBUTION FUND,
PLUMBERS 98 INSURANCE FUND,
PLUMBERS LOCAL 98 SUB TRUST FUND,
PLUMBERS LOCAL 98 RETIREE BENEFIT
FUND, METRO-DETROIT PLUMBING
INDUSTRY TRAINING TRUST and
JOINT ADMINISTRATIVE COMMITTEE
OF THE PLUMBING & PIPEFITTING
INDUSTRY IN THE DETROIT AREA,

    Plaintiffs,

-vs-

OAKLAND CONTRACTING CO., d/b/a
OAKLAND PLUMBING COMPANY, INC.,
a Michigan Corporation; and MICHAEL
J. SCOTT, individually,

    Defendants.
_____/

Case No.  19-cv-
Hon.

***Sullivan, Ward, Asher & Patton, P.C.***
DAVID J. SELWOCKI  (P51375)
JESSICA L. SCHUHRKE (P77561)
MELISSA M. KELM (P81739)
Attorneys for Plaintiffs
25800 Northwestern Highway, Suite 1000
Southfield, Michigan  48075-8412
(248) 746-0700
dselwocki@swappc.com
jschuhrke@swappc.com
mkelm@swappc.com
_____/

# COMPLAINT

*NOW COME* the above-named Plaintiffs, by and through their attorneys, **SULLIVAN, WARD, ASHER & PATTON, P.C.**, and for their Complaint against Defendants OAKLAND CONTRACTING CO., d/b/a OAKLAND PLUMBING COMPANY, INC., a Michigan corporation, and MICHAEL J. SCOTT, individually, state as follows:

1.  Plaintiffs are the Trustees of PLUMBERS LOCAL 98 DEFINED BENEFIT PENSION FUND, PLUMBERS LOCAL 98 DEFINED CONTRIBUTION FUND, PLUMBERS 98 INSURANCE FUND, PLUMBERS LOCAL 98 SUB TRUST FUND, PLUMBERS LOCAL 98 RETIREE BENEFIT FUND, METRO-DETROIT PLUMBING INDUSTRY TRAINING TRUST and JOINT ADMINISTRATIVE COMMITTEE OF THE PLUMBING & PIPEFITTING INDUSTRY IN THE DETROIT AREA (hereinafter referred to as "FUNDS").  The Funds are Trust Funds established and administered pursuant to Section 302 of the Labor Management Relations Act (hereinafter referred to as "LMRA"), 29 USC §186; and the Employee Retirement Income Security Act of 1974 (hereinafter referred to as "ERISA"), 29 USC §1001 et seq., with administrative offices in the City of Troy, Oakland County, Michigan.

2. Defendant, OAKLAND CONTRACTING CO., d/b/a OAKLAND PLUMBING COMPANY, INC. is a Michigan corporation with its principal office in the State of Michigan (hereinafter "OAKLAND PLUMBING").

3. Pursuant to 29 USC §1301 and the regulations thereunder including 29 CFR §4203.2, 29 CFR §4001.29, and 29 CFR §4001.3, as well as 26 USC §414(c). OAKLAND PLUMBING was and is under common control and is therefore considered a single employer by virtue of common ownership among other things.

4. Defendant, MICHAEL J. SCOTT (hereinafter "Individual Defendant") is the individual who is the principal owner and officer of OAKLAND PLUMBING. The Individual Defendant is responsible for running the day-to-day operations of OAKLAND PLUMBING and is responsible for all its decisions pertaining to the payment of contributions to the FUNDS, including decisions whether to pay contributions.

5. The Individual Defendant is an employer or agent of an employer engaged in commerce and in an industry or activity affecting commerce as defined in §501(1) and (3) of the LMRA, 29 USC §142(1) and (3), and within the meaning of §301(A) of the LMRA, 29 USC §185(A), or the agents acting in the interest of such an employer as defined in §501(3) of the LMRA, 29 USC §142(3). The Individual Defendant is an employer within the meaning of §3(5) of ERISA, 29

USC §1002(5), and is thus obligated to make contributions to a multi-employer Plan within the meaning of 29 USC §1145.

6. The Plaintiffs administer the FUNDS pursuant to the terms and provisions of their respective Agreements and Declarations of Trust. The FUNDS have been established pursuant to a Collective Bargaining Agreement heretofore entered into between Local No. 98 (hereinafter referred to as "Union") and certain Employers and Employer Associations, whose members employ members of the Union, and are required to be maintained and administered in accordance with the provisions of the LMRA, ERISA and other applicable state and federal laws.

7. At all times relevant hereto, Defendant OAKLAND PLUMBING was signatory to a Collective Bargaining Agreement with the Union.

8. The FUNDS are third-party beneficiaries of the Collective Bargaining Agreement.

9. Pursuant to the terms and provisions of the Collective Bargaining Agreement between OAKLAND PLUMBING and the Union, OAKLAND PLUMBING agreed to pay, in addition to wages, employee fringe benefit contributions to the FUNDS for each employee employed by OAKLAND PLUMBING, and covered by the Agreement.

10. That pursuant to the provisions of the Trust and Plan documents for the Funds, contributions become vested plan assets on the date on which they are due.

11. That pursuant to the Collective Bargaining Agreement, Defendant OAKLAND PLUMBING is required to make fringe benefit contribution payments to be remitted with the standard contribution form no later than the 15th day of the month following the month in which the hours were worked.

12. That pursuant to the Collective Bargaining Agreement, when such submission of payments and contributions are not timely made, the signatory employer is charged with liquidated damages and the costs of collection and attorney fees.

13. That, pursuant to the Collective Bargaining Agreement and in accordance with the Agreement and Declaration of Trust for each of the FUNDS, the Trustees acting thereunder are authorized and empowered to examine and copy the payroll records and all other necessary books and records of a signatory employer to permit such Trustees to determine whether such an employer is making full payments as required under the Collective Bargaining Agreement.

14. That Plaintiffs are entitled as a matter of law to enforce collection of such delinquent fringe benefits pursuant to 29 USC §1132(g)(2) and §1145.

15. This Court has jurisdiction pursuant to Section 301 of the LMRA, 29 USC §185, this being an action arising out of a Collective Bargaining Agreement between the labor organization and an employer. Jurisdiction and venue are also proper pursuant to 29 USC §1132(e).

## COUNT I

### Breach of Collective Bargaining Agreement and 29 USC §1145

16. Plaintiffs hereby incorporate and adopt by reference paragraphs 1 through 15 above as though fully set forth herein.

17. That notwithstanding its contractual obligations, OAKLAND PLUMBING has failed and refused to pay its obligations, therefore violating the Collective Bargaining Agreements and various provisions of ERISA, including but not limited to 29 USC §1145.

18. Plaintiffs are without adequate remedy at law and will suffer immediate, continuing and irreparable injury, loss and damage unless Defendants are ordered to specifically perform all obligations on Defendants' part required to be performed under the Collective Bargaining Agreement and are restrained from continuing to refuse to perform as thereunder required.

**WHEREFORE,** Plaintiffs request that this Honorable Court grant the following relief:

    A.    Order an injunction against Defendants restraining them from continuing violations of the Collective Bargaining Agreement as set forth above;

    B.    Enter an Order that Defendant OAKLAND CONTRACTING CO. d/b/a OAKLAND PLUMBING COMPANY, INC. open its books and records for a complete payroll audit;

    C.    Enter a Judgment in favor of Plaintiffs against Defendants OAKLAND CONTRACTING CO. d/b/a OAKLAND PLUMBING COMPANY, INC. and MICHAEL J. SCOTT, individually, for all unpaid fringe benefit contributions, including those set forth in the above-ordered audit, together with any liquidated damages thereon, accumulated interest, actual attorney fees, court costs, audit and other collection costs and other sums as may become due to the FUNDS during the pendency of this action;

    C.    Enter an Order that jurisdiction of this matter be retained pending compliance with the Court's Orders; and

    D.    Any such other further or different relief as may be just and equitable under the circumstances.

## COUNT II

### Breach of Fiduciary Duties of Michael Scott

19. Plaintiffs hereby incorporate and adopt by reference paragraphs 1 through 18 above as though fully set forth herein.

20. The Individual Defendant is a fiduciary with respect to the various fringe benefit plans within the meaning of ERISA, 29 USC §1002(21)(A) in that he exercised discretionary authority or control respecting management or disposition of the assets of the plans.

21. The Individual Defendant utilized plan assets for purposes other than for the benefit of the participants including, but not limited to, payment of corporate expenses.

22. By engaging in the acts and omissions described, the Individual Defendant has breached his fiduciary duties regarding the FUNDS within the meaning of 29 USC §1104(a)(1)(A).

23. The Individual Defendant is personally liable based on breaching his fiduciary duties pursuant to 29 USC §1109(a).

**WHEREFORE**, Plaintiffs request that this Honorable Court grant the following relief:

A. Order an injunction against Defendant restraining it from continuing violations of the Collective Bargaining Agreement as set forth above;

B. Enter an Order that Defendant OAKLAND CONTRACTING CO. d/b/a OAKLAND PLUMBING COMPANY, INC. open its books and records for a complete payroll audit;

C. Enter a Judgment in favor of Plaintiffs against Defendants OAKLAND CONTRACTING CO. d/b/a OAKLAND PLUMBING COMPANY, INC. and MICHAEL J. SCOTT, individually, for all unpaid fringe benefit contributions, including those set forth in the above-ordered audit, together with any liquidated damages thereon, accumulated interest, actual attorney fees, court costs, audit and other collection costs and other sums as may become due to the FUNDS during the pendency of this action;

D. Enter an Order that jurisdiction of this matter be retained pending compliance with the Court's Orders; and

E. Any such other further or different relief as may be just and equitable under the circumstances.

## COUNT III

## BUILDER'S TRUST FUND ACT VIOLATIONS

24. Plaintiffs hereby incorporate and adopt by reference paragraphs 1 through 23 above as though fully set forth herein.

25. The corporate Defendant was to hold fringe benefit contributions owed to the FUNDS in trust pursuant to the Michigan Builders' Trust Fund Act, MCLA §570.151-153.

26. The Individual Defendant was the party responsible for running the day-to-day activities of the corporate Defendant and making all of the decisions regarding monies to be held in trust for the FUNDS.

27. Based on the Defendants' failure to appropriately pay fringe benefit contributions to the FUNDS, the Defendants have violated the Michigan Builders' Trust Fund Act.

*WHEREFORE*, Plaintiffs request that this Honorable Court grant the following relief:

A. Order an injunction against Defendant restraining it from continuing violations of the Collective Bargaining Agreement as set forth above;

B. Enter an Order that Defendant OAKLAND CONTRACTING CO. d/b/a OAKLAND PLUMBING COMPANY, INC. open its books and records for a complete payroll audit;

C.     Enter a Judgment in favor of Plaintiffs against Defendants OAKLAND CONTRACTING CO. d/b/a OAKLAND PLUMBING COMPANY, INC. and MICHAEL J. SCOTT, individually, for all unpaid fringe benefit contributions, including those set forth in the above-ordered audit, together with any liquidated damages thereon, accumulated interest, actual attorney fees, court costs, audit and other collection costs and other sums as may become due to the FUNDS during the pendency of this action;

D.     Enter an Order that jurisdiction of this matter be retained pending compliance with the Court's Orders; and

E.     Any such other further or different relief as may be just and equitable under the circumstances.

Respectfully submitted,

**SULLIVAN, WARD,
ASHER & PATTON, P.C.**

By:   /s/ David J. Selwocki
Attorney for Plaintiffs
25800 Northwestern Highway
Suite 1000
Southfield, MI  48075
(248) 746-0700
P51375

Dated:  September 5, 2019
W2342874.DOC