UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| PLUMBERS LOCAL 98 DEFINED BENEFIT PENSION FUND, *et al.*, | Case No.: 19-12610 |
| Plaintiffs, | Denise Page Hood Chief United States District Judge |
| v. | |
| OAKLAND CONTRACTING CO. d/b/a/ OAKLAND PLUMBING COMPANY, Inc. & MICHAEL J. SCOTT, | Michael J. Hluchaniuk United States Magistrate Judge |
| Defendants. / | |

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR IMMEDIATE DISCOVERY (ECF No. 6)**

**I.   PROCEDURAL HISTORY**

Plaintiffs filed the instant suit on September 5, 2019, alleging that defendants have failed to pay employee fringe benefit contributions pursuant to the parties' Collective Bargaining Agreement. (ECF No. 1). On September 17th, plaintiffs filed an emergency motion for immediate discovery. (ECF No. 6). Chief District Judge Denise Page Hood referred the motion to the undersigned. (ECF No. 7). On October 2, 2019, plaintiff obtained a Clerk's Entry of Default as a result of defendants' failure to answer the complaint. (ECF No. 9). Though the named defendants were served with the pending motion for immediate discovery (*see* ECF No. 6, PageID.26), they have not responded to the motion.

## II. ANALYSIS

Plaintiffs seek a Court order pursuant to Fed. R. Civ. P. 26(d) permitting them to conduct early discovery for the purpose of obtaining the information necessary to pursue construction liens or bonds. Specifically, plaintiffs seek to depose, *duces tecum*, the individual defendant, Michael Scott, and/or any agent of defendant Oakland Plumbing to obtain information regarding the identity of projects involving the defendant company and the specific employees and hours worked on those projects. (ECF No. 6, PageID.23). Plaintiffs intend to pursue available liens or payment bonds in the event that defendants are unable to "fulfill their obligation" under the Collective Bargaining Agreement, and to do so, they need certain information. (*Id.* at PageID.24). According to the plaintiffs, "time is of the essence" because there are deadlines that would restrict their ability to make claims if not followed.

Immediate discovery is not warranted in this instance. Plaintiffs are essentially seeking to obtain discovery in aid of execution of a judgment. But, although default has been entered against the defendants, there is no judgment against them as of the date of this Order. If judgment is entered against the defendants, plaintiffs may obtain discovery in aid of the judgment or execution under Fed. R. Civ. P. 69(a)(2), including conducting a creditor's examination, if

necessary. *See, e.g.*, *Lewis v. United Joint Venture*, 2011 WL 13201856, at *2 (W.D. Mich. Feb. 24, 2011).

Further, plaintiffs have not demonstrated good cause to allow early discovery. The Federal Rules of Civil Procedure generally require a discovery conference under Rule 26(f) prior to the commencement of discovery. However, under Fed. R. Civ. P. 26(d), the Court may enter an order permitting discovery in advance of a scheduling conference. Fed. R. Civ. P. 26(d) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except ... when authorized ... by court order."). In deciding whether to permit discovery in advance of the Rule 26(f) conference, the Court should evaluate whether good cause exists. *McCluskey v. Belford High School*, 2010 WL 2696599, *1 (E.D. Mich. June 24, 2010) (citing *Diplomat Pharm., Inc. v. Humana Health Plan, Inc.*, 2008 WL 2923426, at *1 (W.D. Mich. July 24, 2008)); 8A Fed. Prac. & Proc. Civ. § 2046.1 (3rd ed. 2010) ("Although the rule does not say so, it is implicit that some showing of good cause should be made to justify an order, and courts presented with requests for immediate discovery have frequently treated the question whether to authorize early discovery as governed by a good cause standard.").

Though plaintiffs argue that time is of the essence because certain lien or bond claims have deadlines, they have not sufficiently demonstrated the need for

3

urgency. Plaintiffs cite M.C.L. § 570.1109(3) as an example of the need for urgency. The statute states that a laborer has until the fifth day of the second month after fringe benefit payments were due but not paid to file a notice of furnishing to the designee (as defined in the statute) and the general contractor named in the notice of commencement.[1] But, plaintiffs have not demonstrated that the laborers, or union members, are without the means to identify the general contractors on the projects for which they provided labor to timely file a notice of furnishing, unless plaintiffs conduct a deposition.

Plaintiffs also state that certain payment bonds have "timeframes" that must be followed in order to make claims. (ECF No. 6, PageID.24). They intend to pursue construction lien or bond claims on defendants' projects or through direct payments from the general contractors owing amounts to the defendants. (*Id.* at PageID.23). Plaintiffs have not persuaded the Court that there is no other way to quickly obtain the information necessary to pursue available liens or bonds at this time, nor have they cited any other statute or discussed any other deadlines for filing liens or pursuing bonds that are approaching. Even assuming deadlines are fast approaching, presumably the employee members of the union would be able to

---

[1] Plaintiffs' "time is of the essence" argument is, in part, hollow. In citing M.C.L. § 570.1109(3), they state that the delinquency dates back to April 2018. The statute gives a laborer until the fifth day of the second month after fringe benefit payments were due but not paid to provide a notice of furnishing. For delinquencies dating as far back as April 2018, the two-month deadline has long passed. It is not clear what information plaintiffs could obtain that would allow them still to provide a notice of furnishing.

provide information to plaintiffs about projects on which they provided labor, including the locations of the projects and the number of hours they worked. For these reasons, the motion for immediate discovery is **DENIED WITHOUT PREJUDICE**.

It is also noteworthy that plaintiffs did not seek concurrence before bringing this motion (considering the defendants were not yet in default at the time the motion was filed), as required by Local Rule 7.1(a). Plaintiffs must follow the Local Rules of this District. Failure to do so in future may result in an order striking a motion or pleading.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed.R.Civ.P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: October 9, 2019                s/Michael J. Hluchaniuk
                                     Michael J. Hluchaniuk
                                     United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

      I certify that on October 9, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: David Selwocki, and I certify that I have mailed by United States Postal Service the foregoing pleading to Michael Scott and Oakland Contracting Co., d/b/a Oakland Plumbing Company, Inc., a non-ECF participant, at the following address: 15900 32 Mile Road, Ray Twp., MI  48096.

                                          s/William Barkholz
                                          Case Manager